UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-240-GCM

| JEFFERY SANDERS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | |
| UNION COUNTY JAIL, et al., | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.   BACKGROUND**

The pro se Plaintiff, who is a pretrial detainee at the Union County Jail ("UCJ"), filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He appears to name as Defendants: the UCJ; FNU Diane, the UCJ head nurse; and "all Union County Jail Staff." [Id at 1-2]. He asserts claims under the Seventh Amendment[1] and for "gross negligents [sic]." [Id. at 4]. He claims that: he was assaulted by another inmate on March 17, 2023; a nurse sent him to the emergency room where he was diagnosed with a broken knee; he was not allowed to have immediate surgery and was returned to the UCJ; he was given crutches and was placed in an unsafe cell with water running on the floor; he slipped and fell twice more before being moved to another cell; he waited in pain for surgery, which he received 24 days after the original injury; Nurse Diane refused to schedule the Plaintiff for "stints in [his] heart do to the lack of blood flow with the

---

[1] The allegations will be liberally construed as asserting Fourteenth Amendment claims for failure to protect and deliberate indifference to a serious medical need.

graft and the breaking of [his] knee" that was recommended by an outside provider;[2] the Plaintiff was later found unconscious on the floor of his cell, and Nurse Diane "looked at [Plaintiff] and walked off;" and the Plaintiff was not given medication, "the proper equipment," or physical therapy that he needed for his leg. [Doc. 1-1 at 1-3].

For injury, he claims:

> I was in a unproper cell with water on the floor I was on crutches I slip and fail causing perminant damage to my knee I was denied medical treatment by the nursing staff water ran in my cell jail staff are liable by neglect and causing a unsafe living inviroment while in their legal custody. Head Nurse Mrs. Diane is responsible for putting me in that wheel chair cell and Nurse Diane new there were water in that cell but fail to act to insure safety she's liable for her nursing staff actions who were deliberate indifferent to all my medical needs while housed in Union Co. Jail staff acted under the color of law.

[Id. at 4] (errors uncorrected). He seeks $500,000 in compensatory and punitive damages, and a jury trial. [Id. at 5; Doc. 1-1 at 1].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

---

[2] The Plaintiff claims that, at the time of the March 17 incident, he had "a graft in [his] right leg do to blood clots." [Doc. 1-1 at 2] (errors uncorrected).

complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

#### A. Parties

The Plaintiff names as a Defendant the UCJ.  However, a jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). Accordingly, the claims against the UCJ are dismissed with prejudice.

The Plaintiff also purports to name as Defendants "all Union County Jail Staff." [Doc. 1 at 1-2]. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198

3

(footnote omitted). Here, the Plaintiff's allegations are so vague and conclusory that the Court is unable to determine the number of proposed Doe Defendants, the claims that the Plaintiff seeks to assert against each, or the likelihood that the Plaintiff will be able to identify them through discovery. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").  The claims against "all Union County Jail Staff" are, therefore, dismissed without prejudice.

The Plaintiff refers to several individuals who are not named as defendants in the caption as required by the Federal Rules of Civil Procedure. [See, e.g., Doc. 1-1 at 1-3 (referring to Nurse Lori and Officer Cain); see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1-1 at 1-3 (referring to "officers inside the Dorm," "Jail and Medical Staff," and "they")]. These claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

4

The allegations that are directed at individuals who are not named as Defendants and which are too vague and conclusory to be attributed to any Defendant in this case are, therefore, dismissed.

   B. **Failure to Protect**

A pretrial detainee's failure to protect claim constitutes a due process claim under the Fourteenth Amendment. Farmer v. Brennan, 511 U.S. 825 (1994); Brown v. Harris, 240 F.3d 383, 388-90 (4th Cir. 2001) (applying Farmer to a pretrial detainee's failure to protect and medical claims). A pretrial detainee states a Fourteenth Amendment claim for deliberate indifference to a serious risk of harm on the "purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate governmental purpose' or is 'excessive in relation to that purpose.'" Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015)). That is, the plaintiff must show that the defendant's action or inaction was "objectively unreasonable." Id. (quoting Kingsley, 576 U.S. at 387). Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the condition at issue and consciously disregarded the risk that their action or failure to act would result in harm." Id. However, it is not enough "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id.

Here, the Plaintiff alleges that Defendant Diane knowingly placed him in an unsafe cell while he was on crutches, causing him to fall twice. [Doc. 1 at 4]. Construing the allegations liberally and drawing all reasonable inferences in the Plaintiff's favor, the Plaintiff's claim for failure to protect will be allowed to pass initial review against Defendant Diane in that it is not clearly frivolous.

   C. **Deliberate Indifference to a Serious Medical Need**

A pretrial detainee's claim based on deliberate indifference to a serious medical need is

5

properly brought pursuant to the Fourteenth Amendment. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). To state such a claim, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. However, it is not enough "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

The Plaintiff appears to allege that Defendant Diane failed to provide him with adequate and timely care for his painful broken knee, and for a heart condition. [Doc. 1-1 at 1-3]. Construing the allegations liberally and drawing all reasonable inferences in the Plaintiff's favor, the Plaintiff's claims for deliberate indifference to a serious medical need are minimally sufficient to pass initial review against Defendant Diane in that they are not clearly frivolous.

### D. Supplemental Jurisdiction

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

The Plaintiff appears to claim that Defendant Diane was negligent with regards to his

unsafe living conditions and medical needs, which caused him pain and injury. [Doc. 1 at 3-4]. Because Plaintiff's North Carolina negligence claims are so related to his surviving federal claims as to form part of the same case or controversy, the Court will exercise supplemental jurisdiction over Plaintiff's negligence claims and will allow them to pass initial review at this time.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's claims for failure to protect and deliberate indifference to a serious medical need have passed initial review against Defendant Diane, and the Court exercises supplemental jurisdiction over the Plaintiff's North Carolina negligence claims against her. The claims against the UCJ are dismissed with prejudice and the remaining claims are dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] has passed initial review against Defendant Diane for failure to protect and deliberate indifference to a serious medical need, and the Court exercises supplemental jurisdiction over the Plaintiff's negligence claims against her.

2. The claims against the Union County Jail are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is respectfully instructed to mail a blank summons form to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendant Diane. Once the Court receives the completed summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendant.

The Clerk is respectfully instructed to mail a copy of this Order and a blank summons form to the Plaintiff at his address of record.

**IT IS SO ORDERED.**

Signed: March 27, 2024

Graham C. Mullen
United States District Judge