UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-240-GCM

| | |
|---|---|
| JEFFREY SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNION COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Discovery, for Collected Evidence in the Above Civil Case Timely Filed to the Clerk and to Defendants Counsel" [Doc. 17] and "Legal Request for Court Appointed Counsel to be Granted by this Court and Chief Judge Martin Reidinger upon Motion and Petition" [Doc. 18].

The pro se Plaintiff, a pretrial detainee at the Union County Jail, brought this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Complaint that passed initial review against Defendant Diane Baucom who was served and filed an Answer. [Docs. 8, 16].

In his "Motion for Discovery…" the Plaintiff seeks discovery from defense counsel and from "Union County Jail Medical Staff."[1] [Doc. 17 at 1]. This Motion, which was filed before the Court had entered its Pretrial Order and Case Management Plan, appears to be a premature discovery request that has been misdirected to the Court.[2] See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f)

---

[1] It is unclear whether the Plaintiff is attempting to seek discovery from nonparties. If so, he must comply with the applicable procedural rules. See generally Fed. R. Civ. P. 45.

[2] The Motion does not seek leave to engage in early discovery or contain any justification for such a request.

conference); LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). The Motion will, therefore, be denied. The Plaintiff is instructed to familiarize himself with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Order of Instructions, and to comply with the same. [See Feb. 28, 2024 Text Entry (Order of Instructions)].

In his "Legal Request,"[3] the Plaintiff asks the Court to appoint North Carolina Prisoner Legal Services (NCPLS) to assist him with discovery because he is a jail inmate with limited resources, and NCPLS is a nonprofit law firm that assists inmates with non-frivolous legal matters. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to do so and his request is denied. To the extent that the Plaintiff is asking the Court to appoint NCPLS pursuant to its Standing Order in Case No. 3:19-mc-60, it declines to do so because that Standing Order applies only to civil rights actions filed by North Carolina state prisoners against current or former employees of NCDPS.

---

[3] The Plaintiff is reminded that he must seek relief from the Court by filing an appropriate "Motion." [See Feb. 26, 2024 Docket Entry (Order of Instructions)]. Any future filing that is not clearly titled a "Motion" will not receive a response from the Court.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's pending Motions [Docs. 17, 18] are **DENIED.**

**IT IS SO ORDERED**.

Signed: July 22, 2024

Graham C. Mullen
United States District Judge