UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-240-GCM

| JEFFREY SANDERS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) |  |
| UNION COUNTY JAIL, et al., | ) | **ORDER** |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion Discovery Scheduling Order…" [Doc. 25] and on a Letter that was docketed as a Motion for the Appointment of Counsel[1] [Doc. 27].

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Union County Jail ("UCJ") where he is a pretrial detainee. The Complaint passed initial review on a claim against Nurse Diane Baucom for deliberate indifference to a serious medical need, and the Court exercised supplemental jurisdiction over the Plaintiff's North Carolina negligence claims against her. [See Docs. 1, 8]. Defendant Baucom was served and filed and Answer. [See Docs. 11, 16]. On August 24, 2024, the Court entered a Pretrial Order and Case Management Plan setting the following deadlines: to amend and join parties by October 11, 2024; to complete discovery by December 20, 2024; and to file dispositive motions by January 20, 2025. [Doc. 24].

---

[1] The Plaintiff is reminded that he must seek relief from the Court by filing a "Motion." [See Feb. 28, 2024 Standing Order of Instructions at ¶ 5]. Any such improper requests in future will not receive a response from the Court and may be stricken.

The Plaintiff has now filed a Motion in which he seeks "voluntary discovery" from defense counsel. [Doc. 25 at 1]. He asks the Court to enter an Order requiring defense counsel to provide the Plaintiff with discovery and to provide any other relief that is just and proper. [Id. at 3]. It appears that this routine discovery request has been misdirected to the Court. See LCvR26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Should any legitimate discovery dispute arise in the future, the Plaintiff must attempt to resolve the same before seeking the Court's assistance. See Fed. R. Civ. P. 37(a)(1); LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Accordingly, the Plaintiff's Motion seeking a discovery order is denied.

Next, the Plaintiff asks the Court to appoint counsel to represent should this case proceed to trial because he is indigent and there is a lot of paperwork in this case that he does not understand. [Doc. 27]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty

of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. at 248. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

The Plaintiff's request for the appointment of counsel to represent him at a trial is denied as premature.[2] This denial is without prejudice for the Plaintiff to renew his request for counsel based on a showing of exceptional circumstances. Moreover, the Plaintiff's request is moot insofar as he will have the opportunity to request the assistance of a volunteer lawyer under the Court's Prisoner Assistance Program should his case proceed to trial. See 3:19-mc-13.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion Discovery Scheduling Order…" [Doc. 25] is **DENIED**.

The Plaintiff's Letter [Doc. 27] is construed as a Motion for the Appointment of Counsel and it is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 24, 2024

Graham C. Mullen
United States District Judge

---

[2] The Plaintiff does not appear to request the appointment of counsel at this time. Moreover, the Plaintiff has failed to demonstrate the existence of exceptional circumstances under the standard articulated in Jenkins. His deliberate indifference and negligence claims are not particularly difficult, and there Plaintiff has not explained why these claims are beyond his capacity to present.